UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

JOSHUA LAWRENCE JOHNSON,                          Civil No. 12-1875 (DSD/LIB)

       Plaintiff,

      v.                                              **REPORT AND RECOMMENDATION**

MINNESOTA SEX OFFENDER
PROGRAM, (MSOP), TREATMENT
FACILITY,

       Defendant.

      Plaintiff, a Minnesota state prison inmate, commenced this action by filing a self-styled civil complaint.   (Docket No. 1.)   The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]   For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to § 1915A(b).

## I.  BACKGROUND

      Plaintiff is an inmate at the Minnesota Correctional Facility in Rush City, Minnesota.   According to Plaintiff's complaint, he "was civilly committed to the Minnesota Sex Offender Program (MSOP) Treatment Facility in 1999."   (Complaint, p. 3, ¶ 11.)   It

---

     [1]   Plaintiff did not tender the statutory filing fee of $350 with his complaint, but he instead applied for leave to proceed in forma pauperis, ("IFP").   (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1).   Based on the information in the IFP application, the Court finds that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

is further alleged that "in early 2008 the Minnesota Sex Offender Program (MSOP) Treatment Facility kicked Plaintiff Mr. Johnson out of treatment preventing Plaintiff Mr. Johnson from progressing and completing the Minnesota Sex Offender Program (MSOP) Treatment Facility."  (Id., p. 3, ¶ 10.)

Plaintiff is now attempting to sue "Minnesota Sex Offender Program (MSOP) Treatment Facility, (hereafter "MSOP").  He claims that MSOP has violated his rights under various Minnesota state statutes, by causing him to be "kicked out" of MSOP and thereby preventing him "from progressing in and completing treatment and ever getting out of civil commitment."  (Id., p. 4, ¶ 12.)[2]  Plaintiff specifically avers that MSOP has violated his rights under Minn.Stat. §§ 609.23, 253.20, 253B.02 subd. 18a, 253B.02 subd. 19, 253B.04 subd 1a, and "the Minnesota Patient Bill of Rights."  (Id., pp. 1-2, ¶s 2-7.)

Plaintiff is seeking a judgment against MSOP in the amount of $750,000,000.00 "for emotional distress and mental abuse and niglance [sic] and malpractice."  (Id., p. 6, ¶ 18.)   However, the Court finds that this action must be summarily dismissed for lack of subject matter jurisdiction.

## II.  DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."   Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua

---

[2]   The complaint does not indicate why Plaintiff was "kicked out" of MSOP. However, according to a website maintained by the Minnesota Department of Corrections, Plaintiff has been in prison since 2008, because he was convicted of transferring or throwing bodily fluids at a correctional officer.  That offense might be related to Plaintiff's allegation that he was "kicked out" of MSOP.

sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   (Emphasis added.)

In this case, Plaintiff seems to be asserting that federal subject matter jurisdiction exists under the "federal question" statute – 28 U.S.C. § 1331.   His complaint indicates that he is attempting to sue Defendant under 42 U.S.C. § 1983, which is the federal law that allows a person to sue state entities or employees for alleged violations of the federal Constitution.   However, Plaintiff has not pleaded an actionable § 1983 claim, because he has not described any violation of his federal constitutional rights.   To the contrary, the complaint plainly and repeatedly states that Plaintiff is attempting to sue MSOP for allegedly violating his rights under various Minnesota state statutes.   The complaint does not identify any specific constitutional basis for Plaintiff's claims, and the allegations in the complaint would not support any conceivable claim based on the federal Constitution.[3] Furthermore, Plaintiff's complaint does not present any grounds for federal subject matter jurisdiction under § 1331.[3]

---

[3]   Plaintiff might believe that he has some right to treatment under the Due Process Clause of the Fourteenth Amendment, but that is highly unlikely.   The Eighth Circuit Court of Appeals recently confirmed that a person who has been civilly committed "does not have a fundamental due process right to sex offender treatment."   Strutton v. Meade, 668 F.3d 549, 557 (8th Cir. 2012), pet. for cert. filed, May 2, 2012.

[3]   It is readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332, because both Plaintiff and Defendant are residents of Minnesota for purposes of that statute.

The Court also notes that the only named Defendant, MSOP, does not appear to be a cognizable legal entity that has the capacity to be sued.   "MSOP" appears to be just a name given to a state-operated program, building or campus.   Moreover, if MSOP is a suable entity, it must be an agency of the State of Minnesota.   The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision.   Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).   Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there are no allegations showing that the State of Minnesota has waived its immunity and consented to be sued in this case. For this additional reason, the Court finds that Plaintiff's current complaint against MSOP is fatally defective.

## III.   CONCLUSION

For the reasons discussed above, the Court concludes that federal subject matter jurisdiction does not exist in this case, (and, in any event, the named Defendant probably is not a suable entity, and even if it has the capacity to be sued, it is immune under the Eleventh Amendment).   The Court will therefore recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[4]

---

[4]   Because this action is to be dismissed only for lack of federal subject matter jurisdiction, the dismissal of this action, by itself, will not preclude Plaintiff from bringing his current claims in a subsequent state court action.   However, the Court certainly is not encouraging Plaintiff to seek relief in state court.

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Plaintiff's pending application for leave to proceed IFP, (see n. 1, supra), be denied.  See 28 U.S.C. § 1915(e)(2)(B). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[5]   To date, he has not paid any fee at all, so he still owes the full $350 fee.  Plaintiff's custodians will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## IV.  RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

---

[5]   Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."    In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").   Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.   Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).


Dated: August 15, 2012

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 29, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.   Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.